[No. 7285.   Decided June 29, 1908.]

H. G. ROWLAND *et al.*, *Appellants*, v. JONAS ESKELUND, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS. Findings of the trial court in an equitable case, upon conflicting evidence, where the judge visited the premises and saw most of the witnesses, will not be disturbed where there is room for difference of opinion, and the same is amply sustained by the evidence.

Appeal from a judgment of the superior court for Pierce county, Clifford, J., entered November 23, 1907, upon findings in favor of the defendant, after a trial on the merits before the court without a jury. Affirmed.

*Walter Christian* and *H. G. & Dix H. Rowland*, for appellants Rowland *et al.*

*James M. Ashton*, for appellant Peirce.

*H. F. Norris* and *T. W. Hammond*, for respondent.

[1]Reported in 96 Pac. 426.

Root, J.—This is an appeal from a judgment and decree of the superior court relative to the prior rights of the parties herein to purchase certain tide lands from the state. Respondent made application to the board of state land commissioners to buy lots 21 and 22, in block 100, of Tacoma tide lands, alleging ownership of valuable improvements made on these lands prior to March 25, 1890, which were then in actual use for business, trade, residence, or commerce. It appears that the Peirce Patent Stone Company made application to the board of state land commissioners to buy the same lots involved in respondent's application, and also lots 1 and 2, in block 101, of Tacoma tide lands, claiming to have been the owner of valuable improvements on said lots prior to March 25, 1890, which were in actual use for business, trade, residence, or commerce. Appellants Rowland and wife made application to the board of state land commissioners to purchase the same lots involved in the application of the Peirce Patent Stone Company. They base their right to purchase upon the following grounds: (1) That on the date when the final appraisement of such tide land lots was filed with the board of state land commissioners and the county auditor (April 14, 1906), they were the owners of the upland lots on which said tide land lots abutted and fronted; (2) that on March 26, 1890, there were no valuable improvements on the tide lands involved in the application, which were then in actual use for business, trade, residence, or commerce. The hearing of these various applications came on before the state land commission, which, on May 17, 1907, entered its decision and order awarding to Rowland and wife the preference right to purchase lots 1 and 2 in block 101, and to James S. Peirce, as trustee for the Peirce Patent Stone Company, the preference right to purchase lots 21 and 22 in block 100, and denied the application of respondent Eskelund entirely. All the applicants appealed to the superior court of Pierce county, where the case

was heard on the same pleadings as before the board of state land commissioners. By stipulation of parties, the testimony taken before the state land commission was considered a part of the evidence in the superior court, and additional evidence was introduced by all the parties. The court made findings and conclusions favorable to respondent, and signed a judgment reversing and modifying the decision of the land commission. By this judgment Rowland and wife were awarded a preference right to purchase lots 1 and 2 in block 101. Respondent was awarded the preference right to purchase lots 21 and 22 in block 100, except the easterly ten feet, the preference right to purchase which was awarded to James S. Peirce, as trustee for Peirce Patent Stone Company. From this judgment appeals are prosecuted by Rowland and wife and by James S. Peirce, as trustee of the Peirce Patent Stone Company.

This appeal involves questions of fact only. The evidence brought up in the record is voluminous, and to analyze it fully would necessitate an extended discussion, one more lengthy than we think justifiable in the decision of the case. The judge of the trial court saw most of the witnesses and visited the premises personally, and was consequently in a better position to weigh the evidence than are we. While the evidence is conflicting and there is room for a difference of opinion as to what the same establishes, we think the conclusion of the trial court is amply sustained and that we would not be justified in disturbing its conclusion. The judgment of that court is therefore affirmed.

HADLEY, C. J., FULLERTON, RUDKIN, DUNBAR, CROW, and MOUNT, JJ., concur.